IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES FRANKLIN MURPHY, JR,  §
    ID # 02483111  §
      Petitioner,  §
          §
v.  §      No. 3:25-CV-1558-B-BW
          §
DIRECTOR, TDCJ-CID,  §
      Respondent.  §    Referred to U.S. Magistrate Judge[1]

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Petition Under 28 U.S.C. § 2254 for Writ of Habeas

Corpus by a Person in State Custody, received on June 18, 2025, and the Response

to Deficiency and Order as "Next Friend," received on July 8, 2025, and which the

Court construes as a request to proceed as next friend in this action.  (Dkt. Nos. 3, 5.)

Based on the relevant filings and applicable law, the Court should **DENY** the

construed request to proceed as next friend and **DISMISS** the habeas petition

without prejudice for lack of jurisdiction.

## I.  BACKGROUND

On June 18, 2025, Shedrick Thornton, a Texas prisoner incarcerated at the

Dallas County Jail, signed and filed a habeas petition under 28 U.S.C. § 2254 on

behalf of Petitioner James Franklin Murphy, Jr., an inmate of the Bradshaw Unit of

the Texas Department of Criminal Justice, Correctional Institutions Division

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

("TDCJ-CID") in Henderson, Texas, challenging Murphy's 2023 conviction and sentence in Rockwall County, Texas.  (*See* Dkt. No. 3.)  In a Notice of Deficiency and Order dated June 24, 2025, the Court informed both Murphy and Thornton that if Thornton, a non-lawyer, sought to pursue this habeas action on behalf of Murphy, he had to file a motion to proceed as "next friend" within 30 days that: (1) adequately explained why Murphy could not prosecute the action on his own behalf; (2) established that Thornton is truly dedicated to the best interests of Murphy; and (3) showed a significant relationship with Murphy.  (*See* Dkt. No. 4 at 2.)  The order also advised that Murphy alternatively could prosecute the action by filing an appropriate form § 2254 petition under his own signature, and it provided him with the appropriate form.  (*See id.*; Dkt. No. 4-1.)

On July 8, 2025, Thornton filed a response to the June 24 order and sought to proceed as Murphy's next friend.  (*See* Dkt. No. 5.)  According to Thornton, he obtained a paralegal certificate from Southeastern Paralegal Institute in 2002 and plans to start his own business providing paralegal services once he is released from prison.  (*See id.* at 1.)  To that end, Thornton has filed documents and motions in his own pro se cases under "Blitz Prepping Service, a Paralegal Business."  (*Id.*)  He met Murphy in the Bradshaw Unit's prison library and assisted Murphy "with legal research to pursue post-conviction remedies for his conviction" and with filing a federal habeas petition in a separate action in this Court.  (*Id.* at 1-2.)  He told Murphy he would submit a § 2254 petition on Murphy's behalf after establishing his paralegal business following his release from custody, and, according to Thornton,

Murphy consented.  (*See id.* at 2.)  Thornton was released from custody for a month before being taken back into custody, and he is now keeping his word to file a § 2254 petition on Murphy's behalf.  (*See id.* at 2-3.)  Murphy did not refile a § 2254 petition on his own behalf.

## II.  ANALYSIS

As the Court explained in its June 24 order, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654.  A petition for a writ of habeas corpus must "be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.  Courts do not automatically grant "next friend" status under § 2242 to anyone that seeks to pursue an action on behalf of a petitioner, however.  *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

To represent a party as "next friend" in a habeas action, the party must (1) give an adequate explanation why the real party in interest cannot pursue the action on his own behalf, (2) establish that there is a true dedication to the best interest of the real party in interest, and (3) show a significant relationship with the real party in interest.  *See Thorpe v. Eavenson*, No. 3:07-CV-1735-D, 2007 WL 4355441, at *2 (N.D. Tex. Dec. 11, 2007).  The potential next friend has the burden to clearly "establish the propriety of his status" so as to "justify the jurisdiction of the court."  *Whitmore,* 495 U.S. at 164; *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (noting that "the court is without jurisdiction to consider the petition" unless the

3

application sets forth adequate reasons or explanations for granting next friend status).

Here, Thornton fails to establish that he may continue to litigate this action as Murphy's "next friend." He provides no reason or explanation—much less an adequate one—why Murphy cannot pursue this action on his own behalf, and none appears on this record. *See Weber*, 570 F.2d at 514 n.4. His allegations therefore fail to carry his burden to clearly establish that application of the "next friend" device is warranted.[2] Accordingly, the Court should deny Thornton's request to proceed as Murphy's next friend in this habeas action.

Because Thornton fails to show that he may proceed as Murphy's next friend in this action, the Court lacks jurisdiction to consider the § 2254 petition. *See id.* at 514; *Reed v. United States*, No. 3:22-CV-1683-B-BK, 2022 WL 4239361, at *1 (N.D. Tex. Aug. 19, 2022) (dismissing habeas motion for lack of jurisdiction where filer failed to establish next friend status), *rec. accepted*, 2022 WL 4240890 (N.D. Tex. Sept. 14, 2022). The Court therefore should dismiss the habeas petition without prejudice for lack of jurisdiction.

## III. RECOMMENDATION

The Court should **DENY** the Response to Deficiency and Order as "Next Friend," construed as a request to proceed as "next friend" and received on July 8,

---

[2] To the extent Thornton seeks to represent Murphy in this habeas action in an alleged business capacity as a paralegal, such status—even if established—does not render Thornton an attorney admitted to practice law. As such, he cannot serve as Murphy's counsel.

2025 (Dkt. No. 5), and it should **DISMISS** the Petition Under 28 U.S.C. § 2254 for

Writ of Habeas Corpus by a Person in State Custody, received on June 18, 2025

(Dkt. No. 3), without prejudice for lack of jurisdiction.

      **SO RECOMMENDED** on August 5, 2025.

_____

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).